United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NEUBAUER,<br><br>　　　Plaintiff,<br><br>　v.<br><br>ROYAL MACCABEES LIFE INSURANCE COMPANY, REASSURE AMERICA LIFE INSURANCE COMPANY, and THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE,<br><br>　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 11-02788 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

　　　Plaintiff moves to remand this action back to San Francisco County Superior Court. Defendants Reassure America Life Insurance Company and Royal Maccabees Life Insurance Company removed this action asserting diversity jurisdiction. Complete diversity of the parties was premised on defendants' claim that the third remaining defendant, the Commissioner of the California Department of Insurance, had been fraudulently joined to defeat diversity.

　　　Defendants argue that the Commissioner is a sham defendant because "it is obvious under the settled law of California that plaintiff cannot state a claim for relief against the Commissioner." Not so. The complaint claims that the Commissioner failed to discharge his duties and/or abused his discretion in approving the insurance policies at issue in this case because the definition of "total disability" violates California law, and petitions for a writ of mandamus to compel the Commissioner to correct the same. Contrary to defendants' position,

*every* decision raised by the parties to consider this question has concluded that the Commissioner was not fraudulently joined and found remand proper. So too here. On the merits, decisions interpreting whether state law allows such claims against the Commissioner have gone both ways. Plaintiff has not "[obviously failed] to state a cause of action against a resident defendant . . . according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Defendants invoke *Schwartz v. Poizner*, 187 Cal. App. 4th 592 (2010), and yet all decisions to have considered our issue subsequent to *Schwartz* have continued to require remand. *See, e.g.*, *Palma v. Prudential Ins. Co.*, — F. Supp. 2d —, No. 11-00957 CW, 2011 WL 2066640 (N.D. Cal. May 25, 2011). Defendants fail to establish that there was a settled rule barring plaintiff's mandamus claim when the complaint was filed.

This order concludes that the Commissioner was not fraudulently joined and therefore diversity jurisdiction does not exist here and the action must be remanded because of the presence of the Commissioner, a citizen, as a defendant. Plaintiff's motion to remand is thus **GRANTED**, and the hearing on August 18 is **VACATED**. This order declines to award plaintiff attorney's fees and costs. Defendants' motion to strike is **DENIED AS MOOT**.

The Clerk shall remand this action to the Superior Court of California, County of San Francisco.

**IT IS SO ORDERED.**

Dated: August 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE